IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASSIR HASSAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. MALVESTUTO, et al. | : | NO.  05-757 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
CHIEF UNITED STATES MAGISTRATE JUDGE                                              July 11, 2005

  Presently before this Court is a counseled petition for writ of habeas corpus filed under both 28 U.S.C. §2254 and §2241.  Petitioner alleges that he is a citizen of Sudan and a permanent resident of the United States, that he has been served by the Immigration and Naturalization Service with a notice of intent to deport him back to Sudan, and that he has a hearing scheduled before an Immigration Judge in Florida in July 2005.  In the instant habeas petition, Mr. Hassan is challenging a November 20, 1997 conviction for possession with intent to distribute a controlled substance (marijuana), possession and conspiracy.  For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus pursuant to §2254 be denied and dismissed as untimely under 28 U.S.C. §2244(d)(1), and that Mr. Hassan's request to treat this as a §2241 petition be denied.

**BACKGROUND**[1]

  On November 20, 1997, following a bench trial before the Honorable Felice R. Stack of the Municipal Court of Philadelphia, Petitioner, Yassin Hassan, was convicted of criminal

---

  [1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Hassan's habeas petition(s) and memorandum of law in support, the Commonwealth's response, and the state court records.

conspiracy, possession of a controlled substance, and possession of a controlled substance with intent to deliver. The convictions stemmed from Petitioner's participation in drug transactions while he was working at a convenience store. He was sentenced to two years probation. *Commonwealth's Response to Petition For Writ Of Habeas Corpus* [Docket Entry No. 9][2]: Exhibit "B" (November 23, 2004 Superior Court Opinion) at pp. 1-2.

Petitioner did not appeal his conviction. *Id:* Exhibit "B" (November 23, 2004 Superior Court Opinion) at p. 2.

On October 23, 2001, the Immigration and Naturalization Service gave Petitioner notice that he was subject to removal proceedings pursuant to §240 of the Immigration and Nationality Act based upon his 1997 drug conviction. *Commonwealth's Response:* Exhibit "A" (June 18, 2004 PCRA Court Opinion) at p. 1.[3] *See also State Court Records*: INS Notice To Appear (dated October 23, 2001).[4]

On December 9, 2002, Petitioner filed a counseled motion under the Pennsylvania Post Conviction Relief Act ["PCRA"][5]. In this petition, Mr. Hassan asserted the following claims:

> "Petitioner alleged the ineffective assistance of counsel, the improper obstruction by Commonwealth officials of the appellate process, a violation of the Constitution of the Commonwealth and the laws and Constitution of the United

---

[2]   Hereinafter "Commonwealth's Response."

[3]   On March 3, 2003, the U.S. Immigration and Customs Enforcement ["ICE"] was established as part of the Department of Homeland Security. ICE has assumed some of the functions of the former INS. *See Bagot v. Ashcroft,* 398 F.3d 252, 255 n.1 (3d Cir. 2005). For the purposes of this Report and Recommendation, I will, consistent with the pleadings, refer to INS, and not ICE.

[4]   This is attached as "Exhibit C" to Petitioner's PCRA petition.

[5]   42 Pa.C.S.A. §9541 *et seq.*

> States, a violation of the laws of the United States which would require the granting of federal *habeas corpus* relief, and newly discovered evidence. Petitioner further challenged the constitutionality of the Post Conviction Relief Act's subsumption of post conviction *habeas corpus* relief."

*Id.:* Exhibit "A" (June 18, 2004 PCRA Court Opinion) at p. 2.

The PCRA Court, after giving Petitioner written notice of intent to dismiss the petition without a hearing, and after review of the record, dismissed the PCRA petition as untimely on January 8, 2004. *Id.*

Petitioner appealed to the Superior Court of Pennsylvania. By Memorandum and Order dated November 23, 2004, the Superior Court affirmed the denial of PCRA relief, concluding that Mr. Hassan's collateral petition was untimely and he did not establish the applicability of any of the enumerated exceptions to the PCRA time limitation. *Commonwealth's Response:* Exhibit "B" (November 23, 2004 Superior Court Opinion) at pp. 2-6.

Mr. Hassan did not seek discretionary review of the denial of PCRA relief in the Pennsylvania Supreme Court.

On February 17, 2005, Counsel on behalf of Mr. Hassan filed a habeas petition. At the direction of the Honorable Lawrence F. Stengel, a revised habeas petition on a current §2254 form was filed on April 11, 2005.[6]

As grounds for habeas relief, Petitioner presents the following issues:

1. "Petitioner was denied due process and the effective assistance of counsel when trial counsel failed to advise him of his right to appeal de novo to the Court of Common Pleas from the Municipal Court.
    When at sentencing the Court instructed defense counsel to advise Defendant of his appellate rights. However, defense Counsel's advisement was

---

[6] For the purposes of this Report and Recommendation, the date of the original habeas filing, February 17, 2005, will be used in calculating timeliness under 28 U.S.C. §2244(d)(1).

deficient as to Petitioner's right to appeal to the Court of Common Pleas without specifying any trial error, that the trial decision could be appealed de novo and that Petitioner would have a right to demand a jury trial. Neither the Commonwealth nor the Court corrected these deficiencies. Moreover, defense counsel never consulted with Defendant about the possibility or advantages of taking an appeal. Accordingly, he never advised Defendant the conviction would constitute a violation of a probationary sentence he was completing for simple assault; nor did he advise Defendant that a drug conviction, including conspiracy would be grounds for a removal proceedings under the Immigration Nationality Act. After the sentence was imposed and the appeal rights were given, Counsel was ineffective for failing to consult with Petitioner about the consequences of his failure to take an appeal. Accordingly, he was denied due process and the effective assistance of counsel."

2. "Petitioner was denied his constitutional right to a jury trial by the actions of the Court and prosecution and the ineffective assistance of counsel. From the information that Petitioner knew, he had no reason to take an appeal from a lenient sentence which had no untoward consequences to him such as deportation and a probation violation. He had no reason to seek advise [sic] of counsel until more than six years later when he was served by the INS with notice that he was subject to a move of deportation to Sudan, a country now facing governmental terrorism and torture."

3. "The Pennsylvania Courts denied due process by not entertaining Petitioner's claims on the merits. Petitioner met two exceptions under the timeliness requirements of 42 Pa.C.S. §9545(b). In addition, under Pennsylvania's habeas corpus statute and constitutional provision, Petitioner should have been granted a nunc pro tunc appeal to the Court of Common Pleas."

*Revised Habeas Petition* [Docket Entry No. 4] at pp. 9-10.

In a "Preliminary Memorandum Of Law In Support Of 2241 And 2254 Petition," Petitioner requests the following remedy:

"The relief sought here is to direct that the Court of Common Pleas of Philadelphia permit Mr. Hassan to file an appeal <u>nunc pro tunc</u>, a remedy that will permit Mr. Hassan to obtain reinstatement of his right to a jury trial <u>de novo</u>. It is respectfully submitted that this is the only appropriate form of relief to vindicate the rights unknowingly, unintelligibly and involuntarily waived by Mr. Hassan."

"Preliminary Memorandum Of Law In Support Of 2241 And 2254 Petition" [Docket Entry No. 3][7] at pp. 30-31.

---

[7]   Hereinafter "Habeas Memo."

On June 17, 2005, the Commonwealth filed a response to the habeas petition, arguing that Mr. Hassan is not entitled to federal habeas review or relief because his petition is time-barred. The Commonwealth further argues that Petitioner cannot bypass the §2254 statutory requirements by seeking to proceed under 28 U.S.C. §2241.  *Commonwealth's Response* at pp. 3, 12.

## DISCUSSION

As a threshold matter, I must determine whether Mr. Hassan has standing to directly challenge his 1997 conviction in a habeas petition.  It is well settled that once a prisoner's sentence is expired, he is no longer "in custody" under that conviction sufficient for a court to have subject matter jurisdiction to hear a habeas petition challenging the expired conviction. *Edwards v. INS,* CA No. 03-286, 2003 WL 22495772 at *3 (E.D. Pa. March 31, 2003).

At first glance, it would appear that a two year term of probation imposed in 1997 would have been completed before Mr. Hassan filed his habeas petition approximately 8 years later. However, as noted by the Pennsylvania Superior Court in 2004, Petitioner's status is unclear.  He alleged, in the state courts, that he was still subject to probation in this case due to outstanding detainers.  *Commonwealth's Response:* Exhibit "B" (November 23, 2004 Superior Court Opinion) at p. 1 n.1.

At the initial PCRA level, the Commonwealth did not dispute this, explaining:

"On November 27, 1997, defendant [Petitioner] appeared before the Honorable Felice R. Stack and, following a waiver trial, he was convicted of possession with intent to deliver a controlled substance and related charges, the illegal substance being marijuana.  Also on this date, defendant was sentenced to two years reporting probation, which the court would have allowed to be transferred to

>Florida.[n]  Defendant failed to follow the conditions of probation and currently remains in bench warrant/wanted card status by the Philadelphia Department of Probation.[nn]
>
>_____
>[n] Defendant claimed to have family in Florida and a job working for his cousin in a 'quick shop store.'
>[nn] Defendant's violation of probation is a matter for the sentencing judge, Judge Stack to address, when defendant comes before her.  Notably, defendant is also in wanted card status for the sentence imposed by the Honorable Jacqueline Allen, following defendant's conviction for simple assault, terroristic threats and related charges.

*State Court Records*: July 7, 2002 letter addressed to the Honorable D. Webster Keogh from Kristin M. Olofsson, Assist. District Attorney, PCRA Unit.

In his habeas pleadings, Mr. Hassan represents that he "currently remains on the probations of both Judges [Stack and Allen]." *Habeas Memo* at p. 4.  The Commonwealth contends that all probation violation proceedings pending for Mr. Hassan were stayed by the PCRA Court, upon dismissal of Petitioner's PCRA petition.  *Commonwealth's Response* at p. 2.  *See State Court Records:* January 8, 2004 Order of the Honorable D. Webster Keogh.

As it appears that Mr. Hassan's two year term of probation is not expired, I conclude that he is "in custody" for habeas purposes, and, therefore, this court has subject matter jurisdiction over his 1997 conviction.

A.  *Mr. Hassan's §2254 Habeas Petition Is Untimely And Is Not Subject To Equitable Tolling*.

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief.  A habeas petition must be

filed within one year from the date on which the petitioner's judgment of conviction becomes final.  *See* 28 U.S.C. §2244(d)(1).[8]

In the instant case, Mr. Hassan's state conviction became final on December 22, 1997, when the time for filing a *de novo* appeal to the Court of Common Pleas (30 days) expired. *Commonwealth's Response:* Exhibit "B" (November 23, 2004 Superior Court Opinion) at pp. 2-3 (*citing* 42 Pa.C.S. §9545(b)(3) for the proposition that a judgment of sentence is final at the conclusion of direct review or time for seeking direct review).

Petitioner's habeas statute of limitations began on December 23, 1997 and expired on December 22, 1998.  The instant habeas petition, filed on February 17, 2005, over five years beyond Petitioner's statutory deadline, is clearly time-barred under §2244(d)(1).  Petitioner concedes that he "did not file within one (1) year of his conviction on November 20, 1997, as required by AEDPA."  *Habeas Memo* at p. 10.[9]

---

[8]   The date on which the petitioner's conviction becomes final is typically the start date for the limitations period.  However, the statute permits the limitation period to run from four different points in time, depending on which occurs latest.  In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. §2244(d)(1)(A)-(D).
There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later than the date on which Mr. Hassan's conviction became final.

[9]   The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *See* 28 U.S.C. §2244(d)(2).
Statutory tolling is not applicable here, where Mr. Hassan's PCRA petition was filed

Petitioner argues "there are a variety of reasons for finding that the limitations period has been equitably tolled by Petitioner." *Id.*

§2244's one-year statute of limitations is subject to equitable tolling.  However,

> "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'  Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'  Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient."

*Brown v. Shannon*, No. 01-1308, 2003 WL 1215520 at *4 (3d Cir.)(citations omitted), *cert. denied*, 539 U.S. 948 (2003).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

In support of his argument for equitable tolling of the habeas statute of limitations, Mr. Hassan asserts:

> "[T]he thrust of this argument relied on the cause, ineffective assistance of trial counsel, and the prejudice resulting therefrom, i.e., that he was denied the inviolate right to a jury trial.  In addition, there are other factors that are critical, not the least of which are the facts that Mr. Hassan, after determining that his right had been violated diligently attempted to exhaust his state remedies within the time constraints that he is under given the impending deportation proceedings."

*Habeas Memo* at p. 10.

---

almost four years *after* his habeas statute of limitations had expired.  Furthermore, the PCRA petition was not properly filed within the meaning of §2244(d)(2) because the Superior Court held that it was untimely under state PCRA law.

In a non-capital case, attorney error, miscalculation, inadequate research, or other mistakes do not constitute extraordinary circumstances which warrant equitable tolling. In order to justify equitable tolling, a habeas petitioner must establish (1) attorney malfeasance *and* (2) that petitioner acted with reasonable diligence and that the extraordinary circumstances caused his habeas petition to be untimely. *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004), *cert. denied*, 125 S.Ct. 2261 (2005).

In the instant case, Mr. Hassan has not shown attorney malfeasance. The alleged error by trial counsel in failing to inform him of "the ramifications of this guilty verdict and more importantly, of his absolute right to a jury trial <u>de novo</u> in the Court of Common Pleas or even of his right to file a Writ of Certiorari in that Court[,]"[10] does not rise to the level of "sufficiently egregious" attorney misconduct. *See Schlueter*, 384 F.3d at 77 (3d Cir. 2004). Furthermore, the Superior Court found that Mr. Hassan **was** advised of his right to appeal following the municipal court conviction. *Commonwealth's Response:* Exhibit "B" (November 23, 2004 Superior Court Opinion) at p. 4 n.3. This factual finding is presumed correct, and Petitioner has not met his burden of rebutting it by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1).[11]

Petitioner argues that he has "acted expeditiously in this case," asserting that he was unaware that his conviction would be a violation of the Immigration and Nationality Act, and that when he was served with the INS warrant, "he expeditiously attempted to obtain

---

[10] *Habeas Memo* at p.1.

[11] The state court records support the conclusion that Petitioner was advised of his right to appeal to the Court of Common Pleas. *Commonwealth's Response*: Exhibit "C" (N.T. 11/20/97) at pp. 71-72. To the extent that Petitioner argues that this advisement of rights was defective because Mr. Hassan was not told that a new trial in the Court of Common Pleas would be a d*e novo* jury trial, as stated above, attorney error does not warrant equitable tolling.

Pennsylvania Counsel."  However, after being served with an INS notice on October 23, 2001, Petitioner did not file his PCRA petition until over one year later, on December 9, 2002.

I conclude that under the circumstances of Mr. Hassan's case, the one year habeas statute of limitations cannot be equitably tolled.

B.  *Mr. Hassan's Habeas Petition Is Not Properly Brought Under §2241.*

In the alternative, Petitioner argues:

> "If the Court is unwilling to provide relief under 2254 because of jurisdictional limitations, then it is respectfully submitted that a writ can issue pursuant to §2241."

*Pleading by Petitioner Entitled "Petition for Habeas Corpus Relief Pursuant To 28 U.S.C. §2241"* (Dated March 18, 2005) at ¶8.[12]  The same remedy - "direct that the Philadelphia Court of Common Pleas grant Mr. Hassan the right to a jury trial **de novo**" - is requested under §2241. *Id.* at p. 2.

Mr. Hassan, whose direct §2254 challenge to his 1997 state conviction is time-barred, cannot attempt to circumvent AEDPA's statute of limitations by seeking, in the alternative, to proceed under 28 U.S.C. §2241.

In *Drakes v. INS*, the Third Circuit held that post-AEDPA, a habeas petitioner cannot use a §2241 proceeding to collaterally attack a state conviction underlying removal proceedings. *Drakes v. INS*, 330 F.3d 600, 606 (3d Cir.), *cert. denied,* 540 U.S. 1008 (2003).  Drakes, a native of Guyana, brought a §2241 petition challenging the constitutionality of two Delaware convictions which the INS used to secure the order of Drakes' removal.  The Third Circuit

---

[12]   This pleading was not docketed of record.

extended the Supreme Court's holdings in *Daniels v. United States*[13] and *Lackawanna County District Attorney v. Coss*[14] to a collateral attack under §2241 on an expired state criminal conviction underlying removal proceedings.  The *Drakes* Court concluded:

> "We affirm the District Court's decision to extend the Supreme Court's holdings in *Daniels* and *Coss* to bar in a section 2241 habeas proceeding a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal.  Drakes closed the door on review of his state convictions by failing to timely pursue a remedy through direct appeal, state post-conviction review, or a habeas petition."

*Drakes*, 330 F.3d at 606 (3d Cir. 2003).

The Circuit noted that the Supreme Court has recognized two possible exceptions to the *Daniels/Coss* bar against a collateral attack on an underlying conviction that is no longer open to direct or collateral attack in its own right:

> (1) "[. . . ] [D]efendants may challenge the prior conviction where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."
> (2) "[A]n exception in 'rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.'"

*Id.* at 605 (3d Cir. 2003).

Various district courts within the Third Circuit have held that a habeas petitioner may not bring a §2241 challenge to a state conviction that is no longer open to direct or collateral attack in its own right.  *See Edwards v. INS*, CA No. 03-286, 2003 WL 22495772 at *3-5 (E.D. Pa. March 31, 2003); *Neyor v. INS,* 155 F.Supp.2d 127, 137 (D.N.J. 2001)(declining to review the validity of an expired conviction under §2241 when that conviction served as a predicate for INS

---

[13]   532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001).

[14]   532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001).

detention); and *Megwa v. BICE*, No. 3:05CV336, 2005 WL 1154495 at *2 (M.D. Pa. May 10, 2005)("An alien may not employ 28 U.S.C. §2241 to challenge the constitutionality of a state sentence that serves as the basis for removal proceedings. *Drakes v. INS*, 330 F.3d 600 (2003). Instead, he must challenge the conviction by direct review, state collateral review, and a habeas petition pursuant to 28 U.S.C. §2254. *Id.* at 606. Here, Megwa seeks to circumvent these steps and challenge his state conviction under 28 U.S.C. §2241. *Drakes* has clearly foreclosed 28 U.S.C. §2241 as a potential avenue for the relief Megwa seeks.")

In the instant case, I believe that Mr. Hassan clearly falls within the dictates of *Drakes*. The fact that his probationary period has not expired does not alter the fact that his 1997 conviction is no longer open to direct or collateral attack in its own right. Neither of the two exceptions to the *Daniels/Coss* rule apply. Under the circumstances of this case, Petitioner is foreclosed from proceeding under §2241 to collaterally attack his 1997 conviction. *See Drakes*, 330 F.3d at 605 (3d Cir. 2003)("allowing *Drakes* another chance to collaterally attack his prior convictions would 'sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing in the Constitution or [Supreme Court] precedent requires such a result.' *Daniels*, 532 U.S. at 383.").

C.  *AEDPA's Statute of Limitations Does Not Violate the Suspension Clause.*

Petitioner argues that "[. . .] the one year statute of limitations under the AEDPA also violates the Suspension Clause of the Constitution as applied to this case."

In a recent case, *United States v. Bendolph*, the Third Circuit has stated:

> "Although we have not yet had occasion to reach the question, other courts of appeals have held the AEDPA statute of limitations constitutional in the face of

> *per se* challenges brought under the Suspension Clause of the United States Constitution, Art. 1, §9, cl. 2. *See, e.g., Wyzykowshi v. Dep't of Corr.*, 226 F.3d 1213, 1217 n. 3 (collecting cases). *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 *1996)(AEDPA's restrictions on successive petitions 'do not amount to a 'suspension' of the writ); *Swain v. Pressley*, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)(holding that the Suspension Clause is violated only where habeas corpus is rendered 'inadequate or ineffective')."

*United States v. Bendolph*, 409 F.3d 155, 167 fn. 18 (3d Cir. 2005).

I find the analysis of other courts of appeals persuasive, and conclude that AEDPA's statute of limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention," and therefore does not *per se* constitute an unconstitutional suspension of the writ. *See Wyzykowshi v. Dep't of Corr.*, 226 F.3d 1213, 1217 n. 3 (collecting cases). In addition, Petitioner has not established that the AEDPA limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition challenging his 1997 conviction before the limitations period expired. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

## **RECOMMENDATION**

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED, and that Petitioner's request, in the alternative, to proceed under 28 U.S.C. §2241 be DENIED. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

M. FAITH ANGELL
CHIEF UNITED STATES MAGISTRATE JUDGE